IN THE CIRCUIT COURT OF THE SIXTH
JUDICIAL CIRCUIT, IN AND FOR
PINELLAS COUNTY, FLORIDA

CASE NO.:  522018CA002783XXCICI

AIYANNA MALCOLM, (a minor), by and
through her parents and natural guardians,
DUVAL MALCOLM and SHAWNTEL
GORDON and DUVAL MALCOLM and
SHAWNTELL GORDON, individually,

       Plaintiffs,

vs.

BAYFRONT HMA MEDICAL CENTER,
LLC, d/b/a BAYFRONT MEDICAL CENTER
n/k/a BAYFRONT HEALTH ST.
PETERSBURG AND ALSO d/b/a
BAYFRONT BABY PLACE AT ALL
CHILDREN'S HOSPITAL; AMY JO
GABRIEL, M.D.; JODI MAE MCCAULEY,
ARNP, CNM; LAJUAN P. SANCHEZ, ARNP,
SNM; CHELSEA LEE DELUCA, R.N.;
JALEESA KATREAL CLARK-GIBSON,
R.N.; AIMEE LYN ENGELMAN-HURLEY,
R.N.; JACKIE MARIE O'TOOLE-SEGLER,
R.N.; and JOHNS HOPKINS ALL
CHILDREN'S HOSPITAL, INC., d/b/a ALL
CHILDREN'S HOSPITAL,

       Defendants.

_____/

## FIRST AMENDED COMPLAINT

    Plaintiffs, AIYANNA MALCOLM (a minor), by and through her parents and natural

guardians, DUVAL MALCOLM and SHAWNTEL GORDON, and DUVAL MALCOLM and

SHAWNTEL GORDON, individually, sues Defendants, BAYFRONT HMA MEDICAL

EXHIBIT
A

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 2

CENTER, LLC, *d/b/a* BAYFRONT MEDICAL CENTER *n/k/a* BAYFRONT HEALTH ST.

PETERSBURG and also *d/b/a* BAYFRONT BABY PLACE AT ALL CHILDREN'S

HOSPITAL; AMY JO GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P.

SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-

GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-

SEGLER, R.N., and JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC., d/b/a ALL

CHILDREN'S HOSPITAL, and states as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

1.      This is a medical negligence action and is being brought pursuant to Florida Statute

§766 and §768, and Florida Rule of Civil Procedure 1.650, and the Common Law of Florida, with

damages exceeding Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs and

within the jurisdiction of this court. At all times material hereto,

2.      In that regard, Defendants and/or those bearing a legal relationship with Defendants

were provided with written Notice of Claim via Certified Mail pursuant to Florida Statute §766.106

and Florida Rule of Civil Procedure 1.650. A good faith presuit investigation was conducted, and

there is good faith belief that grounds exist for an action against the Defendants.

3.      Plaintiffs, AIYANNA MALCOLM (a minor), by and through her parents and

natural guardians, DUVAL MALCOLM and SHAWNTEL GORDON, and DUVAL MALCOLM

and SHAWNTEL GORDON, individually, are residents of Pinellas County, Florida.

4.      At all times material hereto, Defendant, BAYFRONT HMA MEDICAL CENTER,

LLC, was and is a Florida limited liability company with its principal place of business in

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 3

Williamson County, Tennessee and is doing business as BAYFRONT MEDICAL CENTER *n/k/a*

BAYFRONT HEALTH ST. PETERSBURG.

     5.     At all times material hereto, Defendant, BAYFRONT HMA MEDICAL CENTER,

LLC was doing business as BAYFRONT MEDICAL CENTER *n/k/a* BAYFRONT HEALTH ST.

PETERSBURG which owned and operated BAYFRONT BABY PLACE AT ALL CHILDREN'S

HOSPITAL in Pinellas County, Florida.

     6.     At all times material hereto, Defendant, AMY JO GABRIEL, M.D., was and is a

physician practicing in Pinellas County, Florida, holding herself out to the public including the

Plaintiffs, AIYANNA MALCOLM (a minor), and her parents, DUVAL MALCOLM and

SHAWNTEL GORDON, as an obstetrician and possessing the same skill and expertise in the field

as any other obstetrician in Pinellas County, Florida, or other similar medical community.

     7.     At all times material hereto, Defendant, JODI MAE MCCAULEY, ARNP, CNM,

was and is a certified nurse midwife practicing in Pinellas County, Florida, holding herself out to

the public including the Plaintiffs, AIYANNA MALCOLM (a minor), and her parents, DUVAL

MALCOLM and SHAWNTEL GORDON, as a certified nurse midwife and possessing the same

skill and expertise in the field as any other certified nurse midwife in Pinellas County, Florida, or

other similar medical community.

     8.     At all times material hereto, Defendant, LAJUAN P. SANCHEZ, ARNP, SNM,

was and is an advanced registered nurse practitioner and student nurse midwife practicing in

Pinellas County, Florida, holding herself out to the public including the Plaintiffs, AIYANNA

MALCOLM (a minor), and her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as

an advanced registered nurse practitioner and certified nurse midwife and possessing the same skill

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 4

and expertise in the field as any other student nurse midwife in Pinellas County, Florida, or other similar medical community.

9.      At all times material hereto, Defendant, CHELSEA LEE DELUCA, R.N., was and is a registered nurse practicing in Pinellas County, Florida, holding herself out to the public including the Plaintiffs, AIYANNA MALCOLM (a minor), and her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as a registered nurse and possessing the same skill and expertise in the field as any other registered nurse in Pinellas County, Florida, or other similar medical community.

10.     At all times material hereto, Defendant, JALEESA KATREAL CLARK-GIBSON, R.N., was and is a registered nurse practicing in Pinellas County, Florida, holding herself out to the public including the Plaintiffs, AIYANNA MALCOLM (a minor), and her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as a registered nurse and possessing the same skill and expertise in the field as any other registered nurse in Pinellas County, Florida, or other similar medical community.

11.     At all times material hereto, Defendant, AIMEE LYN ENGELMAN-HURLEY, R.N., was and is a registered nurse practicing in Pinellas County, Florida, holding herself out to the public including the Plaintiffs, AIYANNA MALCOLM (a minor), and her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as a registered nurse and possessing the same skill and expertise in the field as any other registered nurse in Pinellas County, Florida, or other similar medical community.

12.     At all times material hereto, Defendant, JACKIE MARIE O'TOOLE-SEGLER, R.N., was and is a registered nurse practicing in Pinellas County, Florida, holding herself out to

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 5

the public including the Plaintiffs, AIYANNA MALCOLM (a minor), and her parents, DUVAL

MALCOLM and SHAWNTEL GORDON, as a registered nurse and possessing the same skill and

expertise in the field as any other registered nurse in Pinellas County, Florida, or other similar

medical community.

13.     At all times material hereto, Defendant, BAYFRONT HMA MEDICAL CENTER,

LLC, operated a not-for-profit hospital, BAYFRONT MEDICAL CENTER d/b/a BAYFRONT

BABY PLACE AT ALL CHILDREN'S HOSPITAL, in St. Petersburg, Pinellas County, Florida.

14.     At all times material hereto, Defendant, BAYFRONT HMA MEDICAL CENTER,

LLC, was in the business of operating not-for-profit hospitals and providing comprehensive health

care including obstetrical services to the public and the Plaintiffs, AIYANNA MALCOLM (a

minor), and her parents, DUVAL MALCOLM and SHAWNTEL GORDON.

15.     At all times material hereto, Defendant, JOHNS HOPKINS ALL CHILDREN'S

HOSPITAL, INC., was and is a Florida not for profit company with its principal place of business

in Pinellas County, Florida and is doing business as ALL CHILDREN'S HOSPITAL.

16.     At all times material hereto, Defendant, BAYFRONT HMA MEDICAL CENTER,

LLC, leased and occupied medical space in ALL CHILDREN'S HOSPITAL which was known as

BAYFRONT BABY PLACE AT ALL CHILDREN'S HOSPITAL wherein obstetrical services

were provided by BAYFRONT medical staff, personnel, nurses, and physicians at ALL

CHILDREN'S HOSPITAL.

17.     At all times material hereto, Defendants, BAYFRONT HMA MEDICAL

CENTER, LLC and JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC. operated a

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 6

collaborative Regional Perinatal Intensive Care Center wherein ALL CHILDREN'S HOSPITAL

provided neonatology services to BAYFRONT MEDICAL CENTER.

18.    At all times material hereto, Defendants, BAYFRONT HMA MEDICAL

CENTER, LLC, d/b/a BAYFRONT BABY PLACE AT ALL CHILDREN'S HOSPITAL, and

JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC., d/b/a ALL CHILDREN'S

HOSPITAL, were engaged in a joint venture whereby the Defendants were involved in a

contractual relationship to provide obstetrical services to patients that presented to BAYFRONT

BABY PLACE AT ALL CHILDREN'S HOSPITAL and ALL CHILDREN'S HOSPITAL.

19.    At all times material hereto, Defendant, BAYFRONT HMA MEDICAL CENTER,

LLC, is vicariously responsible for the actions of its doctors, nurses, agents, apparent agents,

servants, and/or employees acting within the scope and course of their agency, apparent agency,

servitude, and/or employment at their hospitals and medical centers including BAYFRONT

MEDICAL CENTER d/b/a BAYFRONT BABY PLACE AT ALL CHILDREN'S HOSPITAL.

20.    At all times material hereto, Defendant, JOHNS HOPKINS ALL CHILDREN'S

HOSPITAL, INC., d/b/a ALL CHILDREN'S HOSPITAL, is vicariously responsible for the

actions of BAYFRONT HMA MEDICAL CENTER, LLC'S doctors, nurses, agents, apparent

agents, servants, and/or employees acting within the scope and course of their agency, apparent

agency, servitude, and/or employment at their hospitals and medical centers including

BAYFRONT BABY PLACE AT ALL CHILDREN'S HOSPITAL as a result of its joint venture

relationship with BAYFRONT HMA MEDICAL CENTER, LLC.

21.    Defendants, BAYFRONT HMA MEDICAL CENTER, LLC, each *d/b/a*

BAYFRONT MEDICAL CENTER *n/k/a* BAYFRONT HEALTH ST. PETERSBURG and also

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 7

*d/b/a* BAYFRONT BABY PLACE AT ALL CHILDREN'S HOSPITAL; AMY JO GABRIEL,
M.D.; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM;
CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN
ENGELMAN-HURLEY, R.N.; and JACKIE MARIE O'TOOLE-SEGLER, R.N., JOHNS
HOPKINS ALL CHILDREN'S HOSPITAL, INC., d/b/a ALL CHILDREN'S HOSPITAL, et al.
have received notice of this claim pursuant to Florida Statute §766.106 and Florida Rule of Civil
Procedure 1.650. All conditions precedent to filing this suit required by the medical malpractice
act has been met.

### COMPLIANCE WITH FLORIDA STATUTE §766.106

22.     In accordance with the requirements of Florida Statute §766.106, a Notice of Intent
to Initiate Litigation against Defendants and all other conditions precedent under Chapter 766 have
been performed prior to bringing this action.

### FACTS GIVING RISE TO CLAIM

23.     On Sunday, March 20, 2016, at approximately 8:00 p.m., Shawntel G. Gordon was
admitted into Bayfront Baby Place, located at Johns Hopkins All Children's Hospital. Ms. Gordon
was experiencing contractions and early signs of labor at 39.6 weeks into a full-term pregnancy.

24.     At Bayfront Baby Place at All Children's Hospital, it was noted in triage that Ms.
Gordon had persistently elevated blood pressures. In fact, pre-eclampsia precautions had been
raised just two days earlier at her last prenatal visit of March 18, 2016 at Community Health
Centers of Pinellas when she was found to have elevated blood pressures with proteinuria and
edema.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 8

25.     Despite these critical findings, Ms. Gordon was not seen by a physician on the night of her admission to Bayfront Baby Place at All Children's Hospital, and admission orders obtained by phone from her obstetrician Amy Jo Gabriel, M.D. between 9:42 p.m. and 11:26 p.m. were devoid of any specific pre-eclampsia monitoring and management or care for a high-risk patient.

26.     For the next 25 hours, from the time of her Sunday night admission until the delivery of her infant daughter, Aiyanna Malcolm, the following night of March 21, 2016 at 9:08 p.m., Ms. Gordon displayed clear and persistent signs of pre-eclampsia with elevated blood pressures, the development of fever, and hyperactive uterine stimulation during an exceedingly slow labor.

27.     Despite her condition, Ms. Gordon received no focused attention nor heightened monitoring by any healthcare providers at The Baby Place for these risks, was left unobserved for large gaps of time, and was never diagnosed nor treated for her developing complications.

28.     Dr. Gabriel failed to enter a single progress note or handwritten entry during the entire 25-hour period, though her electronic-stamped signature appears on a form-style "History & Physical" dated March 21, 2016 at 8:20 a.m. The form indicates a "Plan" to admit Ms. Gordon (who had now been in the hospital for over 12 hours) "to Labor & Delivery for pitocin induction, with anti-hypertensives prn" for gestational hypertension.

29.     No corresponding Physician Orders are entered by Dr. Gabriel that morning and she never returned to her patient's side to re-examine her for the remaining 13 hours of a complicated labor. Instead, her nurse midwife Jodi McCauley, CNM, who was rounding with a student nurse midwife, Lajuan Sanchez, SNM, were assigned. The only morning order by Ms.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 9

McCauley was to obtain placental pathology at the time of delivery, and she too failed to enter a single exam note of Ms. Gordon during the entire labor process.

30.    At 2:00 a.m., while Ms. Gordon was under the effects of an epidural initiated for pain, she remained alone and struggling in her room with only intermittent, sporadic recordings taken of her abnormal vital signs that continued to go untreated by her providers.

31.    No antibiotics were started and no anti-hypertensives were given. All the while, continued evidence of her failure to dilate, of persistent and massive uterine hyperactivity on IUP monitor tracings, and of repeated arrests of the labor, went unheeded as Pitocin was inexplicably increased. The mounting risks from maternal infection and a hyperstimulated uterus in an extended labor were simply ignored and the midwives and staff at The Baby Place never summoned Dr. Gabriel or another physician to evaluate their at-risk patient. And they never asked for a neonatologist to be on hand and prepared for the delivery of her infant.

32.    As a result of the continued labor mismanagement, the fetal heart monitoring tracings began to show a tiring baby who was fighting to meet the increasing demands for oxygen but who was losing reserves over time while Ms. Gordon's providers elected to ignore this concerning evidence on the monitor.

33.    The need for an emergency C-section was never considered by any of the medical personnel, the fetus was never rescued in time, and unconscionably, the Pitocin was only further increased and the patient was told to push when she was not fully dilated in the face of developing fetal decompensation.

34.    On March 21, 2016, at 9:08 pm, Jodi McCauley, CNM and/or her student were reportedly present for the spontaneous vaginal delivery of Ms. Gordon's infant daughter Aiyanna

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 10

who was in distress requiring resuscitation. Nurse McCauley incorrectly recorded Baby Aiyanna's Apgar scores as 7 & 9 – on a separate OB Delivery Summary recorded by nurses. Baby Aiyanna's Apgar scores were notably different and significantly depressed at 3/3/5 (at 1 minute, 5 minutes, and 10 minutes).

35.     Ms. McCauley only added to her note "baby transferred to NICU Stork Team," without further explanation of the delivery events and complications. She never documented the true Apgars, the respiratory distress, and the severe acidosis in the baby she delivered and which were indicative of a neurological birth injury.

36.     When a member of All Children's Hospital's neonatology service arrived, they noted receiving the urgent call several minutes after Aiyanna's birth and responding at 5 minutes post-birth, only to find a baby in distress. They had to apply BIPAP therapy to get Aiyanna's oxygen saturation levels up from a low into the 70's. Baby Aiyanna was emergently transported to the NICU of All Children's to receive the level of intensive care she required for her injuries.

37.     Unfortunately, the neurological insults Aiyanna sustained at The Baby Place were complete. She was determined by her attending physicians at All Children's Hospital to have suffered a hypoxic-ischemic encephalopathic brain injury as a result of the labor and delivery mis-management. Aiyanna endured a grueling 3-month hospital course to follow, fraught with complications from the hypoxic insult to her body systems, and she has required ongoing outpatient therapy and specialty care in the 24 months since.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 11

## COUNT I
## NEGLIGENCE OF DEFENDANT, AMY JO GABRIEL, M.D.

38.     Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the

allegations contained in Paragraphs 1 through 37, and further alleges:

39.     Defendant, AMY JO GABRIEL, M.D., individually, owed a duty to AIYANNA

MALCOLM, to provide care in accordance with the prevailing professional standards of care for

obstetricians and gynecologists in light of all relevant circumstances.  Notwithstanding the duty

undertaken, Defendant, AMY JO GABRIEL, M.D., did or failed to do one or more of the following

acts, any or all of which were departures from the acceptable professional standards of care in

Pinellas County, Florida, or any similar medical community:

> a.  Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;
>
> b.  Failure to appropriately examine and manage a high-risk obstetrical patient in labor;
>
> c.  Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;
>
> d.  Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;
>
> e.  Failure to order the proper administration, titration and discontinuation of Pitocin during labor;
>
> f.  Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;
>
> g.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 12

h. Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j. Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k. Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l. Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m. Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

n. Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o. Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

p. Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q. Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

r. Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 13

40.    As a direct and proximate result of the acts and omissions of Defendant, AMY JO

GABRIEL, M.D., Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents

and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future

damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

    a.  Loss of support and services from the date of their daughter's injuries;

    b.  The reasonable value of gratuitously rendered services over and above those
which would be rendered to a normal child in the past and in the future;

    c.  Past, present and future medical expenses due to her daughter's injuries; and

    d.  Loss of her daughter's support, services, companionship and protection in the
past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM

and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

    a.    Past, present and future medical expenses and care;

    b.    Loss of capacity to enjoy life in the past and in the future for the rest of her
life;

    c.    Loss of future earning capacity in the past and in the future for the rest of
her life;

    d.    Mental pain and anguish in the past and in the future for the rest of her life;

    e.    Bodily injury in the past and in the future for the rest of her life;

    f.    Disability in the past and in the future for the rest of her life;

    g.    Pain and suffering in the past and in the future for the rest of her life;

    h.    Aggravation for a pre-existing condition in the past and in the future for the
rest of her life;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 14

   i.  Inconvenience in the past and in the future for the rest of her life; and

   j.  Embarrassment in the past and in the future for the rest of her life.

  WHEREFORE, the Plaintiffs demand judgment against Defendant, AMY JO GABRIEL

M.D., for these damages and all other damages allowable by law, and demands costs, post

judgment interest, and a trial by jury.

**COUNT II**
**WILLFUL, RECKLESS AND WANTON DISREGARD OF HUMAN RIGHTS AND**
**SAFETY CLAIM AGAINST DEFENDANT, AMY JO GABRIEL, M.D.**

  41. Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the

allegations contained in Paragraphs 1 through 37, and further alleges:

  42. Defendant, AMY JO GABRIEL, M.D., individually, owed a duty to AIYANNA

MALCOLM, to provide care in accordance with the prevailing professional standards of care for

obstetricians and gynecologists in light of all relevant circumstances.  Notwithstanding the duty

undertaken, Defendant, AMY JO GABRIEL, M.D., did or failed to do one or more of the following

acts, any or all of which were departures from the acceptable professional standards of care in

Pinellas County, Florida, or any similar medical community, and constituted a willful, reckless,

and wanton disregard for AIYANNA MALCOLM'S life and safety:

   a. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

   b. Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

   c. Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 15

    d.  Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

    e.  Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

    f.  Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

    g.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

    h.  Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

    i.  Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

    j.  Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

    k.  Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

    l.  Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

    m.  Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

    n.  Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

    o.  Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 16

p.  Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

r.  Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

43.  Defendant, AMY JO GABRIEL, M.D.'S, actions demonstrated a clear, wanton, and willful disregard for the life and safety of AIYANNA MALCOLM.

44.  As a direct and proximate result of the reckless acts and omissions of Defendant, AMY JO GABRIEL, M.D., Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

a.  Loss of support and services from the date of their daughter's injuries;

b.  The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

c.  Past, present and future medical expenses due to her daughter's injuries; and

d.  Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

k.  Past, present and future medical expenses and care;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 17

l.   Loss of capacity to enjoy life in the past and in the future for the rest of her life;

m.   Loss of future earning capacity in the past and in the future for the rest of her life;

n.   Mental pain and anguish in the past and in the future for the rest of her life;

o.   Bodily injury in the past and in the future for the rest of her life;

p.   Disability in the past and in the future for the rest of her life;

q.   Pain and suffering in the past and in the future for the rest of her life;

r.   Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

s.   Inconvenience in the past and in the future for the rest of her life; and

t.   Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, AMY JO GABRIEL M.D., for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT III
## NEGLIGENCE OF DEFENDANT, JODI MAE MCCAULEY, ARNP, CNM

45.   Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, and further alleges:

46.   Defendant, JODI MAE MCCAULEY, ARNP, CNM, individually, owed a duty to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional standards of care for advanced registered nurse practitioners and certified nurse midwives in light of all relevant circumstances.   Notwithstanding the duty undertaken, Defendant, JODI MAE

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 18

MCCAULEY, ARNP, CNM, did or failed to do one or more of the following acts, any or all of

which were departures from the acceptable professional standards of care in Pinellas County,

Florida, or any similar medical community:

      a.   Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

      b.   Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

      c.   Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

      d.   Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

      e.   Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

      f.   Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

      g.   Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

      h.   Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

      i.   Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

      j.   Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

      k.   Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 19

    l.   Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

    m.  Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

    n.   Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

    o.   Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

    p.   Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

    q.   Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

    r.   Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

47.    As a direct and proximate result of the acts and omissions of Defendant, JODI MAE MCCAULEY, ARNP, CNM, Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

    a.   Loss of support and services from the date of their daughter's injuries;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 20

    b.   The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

    c.   Past, present and future medical expenses due to her daughter's injuries; and

    d.   Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

    a.   Past, present and future medical expenses and care;

    b.   Loss of capacity to enjoy life in the past and in the future for the rest of her life;

    c.   Loss of future earning capacity in the past and in the future for the rest of her life;

    d.   Mental pain and anguish in the past and in the future for the rest of her life;

    e.   Bodily injury in the past and in the future for the rest of her life;

    f.   Disability in the past and in the future for the rest of her life;

    g.   Pain and suffering in the past and in the future for the rest of her life;

    h.   Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

    i.   Inconvenience in the past and in the future for the rest of her life; and

    j.   Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, JODI MAE MCCAULEY, ARNP, CNM, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 21

**COUNT IV**
**WILLFUL, RECKLESS AND WANTON DISREGARD OF HUMAN RIGHTS AND**
**SAFETY CLAIM AGAINST DEFENDANT, JODI MAE MCCAULEY, ARNP, CNM**

48.    Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the

allegations contained in Paragraphs 1 through 37, and further alleges:

49.    Defendant, JODI MAE MCCAULEY, ARNP, CNM, individually, owed a duty to

AIYANNA MALCOLM, to provide care in accordance with the prevailing professional standards

of care for advanced registered nurse practitioners and certified nurse midwives in light of all

relevant circumstances. Notwithstanding the duty undertaken, Defendant, JODI MAE

MCCAULEY, ARNP, CNM, did or failed to do one or more of the following acts, any or all of

which were departures from the acceptable professional standards of care in Pinellas County,

Florida, or any similar medical community, and constituted a willful, reckless, and wanton

disregard for AIYANNA MALCOLM'S life and safety:

a.  Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

b.  Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

c.  Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

d.  Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

e.  Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

f.  Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 22

g.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h.  Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i.  Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j.  Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k.  Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l.  Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m.  Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

n.  Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o.  Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

p.  Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 23

     r.    Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

50.     Defendant, JODI MAE MCCAULEY, ARNP, CNM'S, actions demonstrated a clear, wanton, and willful disregard for the life and safety of AIYANNA MALCOLM.

51.     As a direct and proximate result of the reckless acts and omissions of Defendant, JODI MAE MCCAULEY, ARNP, CNM, Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

     a.    Loss of support and services from the date of their daughter's injuries;

     b.    The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

     c.    Past, present and future medical expenses due to her daughter's injuries; and

     d.    Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

     k.    Past, present and future medical expenses and care;

     l.    Loss of capacity to enjoy life in the past and in the future for the rest of her life;

     m.    Loss of future earning capacity in the past and in the future for the rest of her life;

     n.    Mental pain and anguish in the past and in the future for the rest of her life;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 24

     o.     Bodily injury in the past and in the future for the rest of her life;

     p.     Disability in the past and in the future for the rest of her life;

     q.     Pain and suffering in the past and in the future for the rest of her life;

     r.     Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

     s.     Inconvenience in the past and in the future for the rest of her life; and

     t.     Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, JODI MAE MCCAULEY, ARNP, CNM, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT V
## NEGLIGENCE OF DEFENDANT, LAJUAN P. SANCHEZ, ARNP, SNM

52.     Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, and further alleges:

53.     Defendant, LAJUAN P. SANCHEZ, ARNP, SNM, individually, owed a duty to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional standards of care for advanced registered nurse practitioners and student nurse midwives in light of all relevant circumstances. Notwithstanding the duty undertaken, Defendant, LAJUAN P. SANCHEZ, ARNP, SNM, did or failed to do one or more of the following acts, any or all of which were departures from the acceptable professional standards of care in Pinellas County, Florida, or any similar medical community:

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 25

a. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

b. Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

c. Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

d. Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

e. Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

f. Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

g. Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h. Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j. Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k. Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l. Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m. Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 26

    n.  Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

    o.  Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

    p.  Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

    q.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

    r.  Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

54.    As a direct and proximate result of the acts and omissions of Defendant, LAJUAN P. SANCHEZ, ARNP, SNM, Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

    a.  Loss of support and services from the date of their daughter's injuries;

    b.  The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

    c.  Past, present and future medical expenses due to her daughter's injuries; and

    d.  Loss of her daughter's support, services, companionship and protection in the past and in the future.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 27

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

      a.      Past, present and future medical expenses and care;

      b.      Loss of capacity to enjoy life in the past and in the future for the rest of her life;

      c.      Loss of future earning capacity in the past and in the future for the rest of her life;

      d.      Mental pain and anguish in the past and in the future for the rest of her life;

      e.      Bodily injury in the past and in the future for the rest of her life;

      f.      Disability in the past and in the future for the rest of her life;

      g.      Pain and suffering in the past and in the future for the rest of her life;

      h.      Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

      i.      Inconvenience in the past and in the future for the rest of her life; and

      j.      Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, LAJUAN P. SANCHEZ, ARNP, SNM, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT VI
### WILLFUL, RECKLESS AND WANTON DISREGARD OF HUMAN RIGHTS AND SAFETY CLAIM AGAINST DEFENDANT, LAJUAN P. SANCHEZ, ARNP, SNM

55.     Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, and further alleges:

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 28

56.    Defendant, LAJUAN P. SANCHEZ, ARNP, SNM, individually, owed a duty to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional standards of care for advanced registered nurse practitioners and student nurse midwives in light of all relevant circumstances. Notwithstanding the duty undertaken, Defendant, LAJUAN P. SANCHEZ, ARNP, SNM, did or failed to do one or more of the following acts, any or all of which were departures from the acceptable professional standards of care in Pinellas County, Florida, or any similar medical community, and constituted a willful, reckless, and wanton disregard for AIYANNA MALCOLM'S life and safety:

a.   Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

b.   Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

c.   Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

d.   Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

e.   Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

f.   Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

g.   Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h.   Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 29

    i. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

    j. Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

    k. Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

    l. Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

    m. Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

    n. Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

    o. Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

    p. Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

    q. Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

    r. Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

57.    Defendant, LAJUAN P. SANCHEZ, ARNP, SNM'S, actions demonstrated a clear,

wanton, and willful disregard for the life and safety of AIYANNA MALCOLM.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 30

58.     As a direct and proximate result of the reckless acts and omissions of Defendant,

LAJUAN P. SANCHEZ, ARNP, SNM, Plaintiffs, DUVAL MALCOLM and SHAWNTEL

GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have

suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

    a.   Loss of support and services from the date of their daughter's injuries;

    b.   The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

    c.   Past, present and future medical expenses due to her daughter's injuries; and

    d.   Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM

and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

    a.   Past, present and future medical expenses and care;

    b.   Loss of capacity to enjoy life in the past and in the future for the rest of her life;

    c.   Loss of future earning capacity in the past and in the future for the rest of her life;

    d.   Mental pain and anguish in the past and in the future for the rest of her life;

    e.   Bodily injury in the past and in the future for the rest of her life;

    f.   Disability in the past and in the future for the rest of her life;

    g.   Pain and suffering in the past and in the future for the rest of her life;

    h.   Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 31

     i.     Inconvenience in the past and in the future for the rest of her life; and

     j.     Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, LAJUAN P. SANCHEZ, ARNP, SNM, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT VII
## NEGLIGENCE OF DEFENDANT, CHELSEA LEE DELUCA, R.N.

59.    Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, and further alleges:

60.    Defendant, CHELSEA LEE DELUCA, R.N., individually, owed a duty to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional standards of care for registered nurses in light of all relevant circumstances.  Notwithstanding the duty undertaken, Defendant, CHELSEA LEE DELUCA, R.N., did or failed to do one or more of the following acts, any or all of which were departures from the acceptable professional standards of care in Pinellas County, Florida, or any similar medical community:

    a.    Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

    b.    Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

    c.    Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

    d.    Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 32

e.   Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

f.   Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

g.   Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h.   Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i.   Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j.   Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k.   Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l.   Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m.   Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

n.   Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o.   Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

p.   Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 33

    q.   Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

    r.   Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

61.    As a direct and proximate result of the acts and omissions of Defendant, CHELSEA LEE DELUCA, R.N., Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

    a.   Loss of support and services from the date of their daughter's injuries;

    b.   The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

    c.   Past, present and future medical expenses due to her daughter's injuries; and

    d.   Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

    a.   Past, present and future medical expenses and care;

    b.   Loss of capacity to enjoy life in the past and in the future for the rest of her life;

    c.   Loss of future earning capacity in the past and in the future for the rest of her life;

    d.   Mental pain and anguish in the past and in the future for the rest of her life;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 34

    e.      Bodily injury in the past and in the future for the rest of her life;

    f.      Disability in the past and in the future for the rest of her life;

    g.      Pain and suffering in the past and in the future for the rest of her life;

    h.      Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

    i.      Inconvenience in the past and in the future for the rest of her life; and

    j.      Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, CHELSEA LEE DELUCA, R.N., for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

**COUNT VIII**
**WILLFUL, RECKLESS AND WANTON DISREGARD OF HUMAN RIGHTS AND**
**SAFETY CLAIM AGAINST DEFENDANT, CHELSEA LEE DELUCA, R.N.**

62.    Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, and further alleges:

63.    Defendant, CHELSEA LEE DELUCA, R.N., individually, owed a duty to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional standards of care for registered nurses in light of all relevant circumstances. Notwithstanding the duty undertaken, Defendant, CHELSEA LEE DELUCA, R.N., did or failed to do one or more of the following acts, any or all of which were departures from the acceptable professional standards of care in Pinellas County, Florida, or any similar medical community, and constituted a willful, reckless, and wanton disregard for AIYANNA MALCOLM'S life and safety:

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 35

a. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

b. Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

c. Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

d. Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

e. Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

f. Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

g. Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h. Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j. Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k. Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l. Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m. Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 36

n.  Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o.  Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

p.  Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

r.  Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

64.   Defendant, CHELSEA LEE DELUCA, R.N.'S, actions demonstrated a clear, wanton, and willful disregard for the life and safety of AIYANNA MALCOLM.

65.   As a direct and proximate result of the reckless acts and omissions of Defendant, CHELSEA LEE DELUCA, R.N., Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

a.  Loss of support and services from the date of their daughter's injuries;

b.  The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

c.  Past, present and future medical expenses due to her daughter's injuries; and

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 37

      d. Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

      a. Past, present and future medical expenses and care;

      b. Loss of capacity to enjoy life in the past and in the future for the rest of her life;

      c. Loss of future earning capacity in the past and in the future for the rest of her life;

      d. Mental pain and anguish in the past and in the future for the rest of her life;

      e. Bodily injury in the past and in the future for the rest of her life;

      f. Disability in the past and in the future for the rest of her life;

      g. Pain and suffering in the past and in the future for the rest of her life;

      h. Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

      i. Inconvenience in the past and in the future for the rest of her life; and

      j. Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, CHELSEA LEE DELUCA, R.N., for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 38

## COUNT IX
## NEGLIGENCE OF DEFENDANT, JALEESA KATREAL CLARK-GIBSON, R.N.

66.     Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, and further alleges:

67.     Defendant, JALEESA KATREAL CLARK-GIBSON, R.N., individually, owed a duty to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional standards of care for registered nurses in light of all relevant circumstances.  Notwithstanding the duty undertaken, Defendant, JALEESA KATREAL CLARK-GIBSON, R.N., did or failed to do one or more of the following acts, any or all of which were departures from the acceptable professional standards of care in Pinellas County, Florida, or any similar medical community:

    a.  Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

    b.  Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

    c.  Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

    d.  Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

    e.  Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

    f.  Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

    g.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 39

h.  Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i.  Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j.  Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k.  Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l.  Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m.  Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

n.  Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o.  Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

p.  Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

r.  Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 40

68.     As a direct and proximate result of the acts and omissions of Defendant, JALEESA

KATREAL CLARK-GIBSON, R.N., Plaintiffs, DUVAL MALCOLM and SHAWNTEL

GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have

suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

    a.  Loss of support and services from the date of their daughter's injuries;

    b.  The reasonable value of gratuitously rendered services over and above those
which would be rendered to a normal child in the past and in the future;

    c.  Past, present and future medical expenses due to her daughter's injuries; and

    d.  Loss of her daughter's support, services, companionship and protection in the
past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM

and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

    a.  Past, present and future medical expenses and care;

    b.  Loss of capacity to enjoy life in the past and in the future for the rest of her
life;

    c.  Loss of future earning capacity in the past and in the future for the rest of
her life;

    d.  Mental pain and anguish in the past and in the future for the rest of her life;

    e.  Bodily injury in the past and in the future for the rest of her life;

    f.  Disability in the past and in the future for the rest of her life;

    g.  Pain and suffering in the past and in the future for the rest of her life;

    h.  Aggravation for a pre-existing condition in the past and in the future for the
rest of her life;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 41

  i.  Inconvenience in the past and in the future for the rest of her life; and

  j.  Embarrassment in the past and in the future for the rest of her life.

 WHEREFORE, the Plaintiffs demand judgment against Defendant, JALEESA KATREAL

CLARK-GIBSON, R.N., for these damages and all other damages allowable by law, and demands

costs, post judgment interest, and a trial by jury.

**COUNT X**
**WILLFUL, RECKLESS AND WANTON DISREGARD OF HUMAN RIGHTS AND
SAFETY CLAIM AGAINST DEFENDANT, JALEESA KATREAL CLARK-GIBSON,
R.N.**

 69. Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the

allegations contained in Paragraphs 1 through 37, and further alleges:

 70. Defendant, JALEESA KATREAL CLARK-GIBSON, R.N., individually, owed a

duty to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional

standards of care for registered nurses in light of all relevant circumstances.  Notwithstanding the

duty undertaken, Defendant, JALEESA KATREAL CLARK-GIBSON, R.N., did or failed to do

one or more of the following acts, any or all of which were departures from the acceptable

professional standards of care in Pinellas County, Florida, or any similar medical community, and

constituted a willful, reckless, and wanton disregard for AIYANNA MALCOLM'S life and safety:

  a. Failure to properly evaluate, monitor and adequately prepare for all perinatal
    risk factors in a high-risk pregnancy and delivery;

  b. Failure to appropriately examine and manage a high-risk obstetrical patient in
    labor;

  c. Failure to timely and appropriately communicate with, and supervise, other
    team members to assure the proper monitoring and management of a high-risk
    obstetrical patient in labor and a safe delivery;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 42

d.   Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

e.   Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

f.   Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

g.   Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h.   Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i.   Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j.   Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k.   Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l.   Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m.   Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

n.   Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o.   Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 43

p.  Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

r.  Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

71.    Defendant, JALEESA KATREAL CLARK-GIBSON, R.N.'S, actions demonstrated a clear, wanton, and willful disregard for the life and safety of AIYANNA MALCOLM.

72.    As a direct and proximate result of the reckless acts and omissions of Defendant, JALEESA KATREAL CLARK-GIBSON, R.N., Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

a.  Loss of support and services from the date of their daughter's injuries;

b.  The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

c.  Past, present and future medical expenses due to her daughter's injuries; and

d.  Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 44

a.     Past, present and future medical expenses and care;

b.     Loss of capacity to enjoy life in the past and in the future for the rest of her life;

c.     Loss of future earning capacity in the past and in the future for the rest of her life;

d.     Mental pain and anguish in the past and in the future for the rest of her life;

e.     Bodily injury in the past and in the future for the rest of her life;

f.     Disability in the past and in the future for the rest of her life;

g.     Pain and suffering in the past and in the future for the rest of her life;

h.     Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

i.     Inconvenience in the past and in the future for the rest of her life; and

j.     Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, JALEESA KATREAL CLARK-GIBSON, R.N., for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT XI
## NEGLIGENCE OF DEFENDANT, AIMEE LYN ENGELMAN-HURLEY, R.N.

73.     Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, and further alleges:

74.     Defendant, AIMEE LYN ENGELMAN-HURLEY, R.N., individually, owed a duty to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional standards of care for registered nurses in light of all relevant circumstances. Notwithstanding the

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 45

duty undertaken, Defendant, AIMEE LYN ENGELMAN-HURLEY, R.N., did or failed to do one

or more of the following acts, any or all of which were departures from the acceptable professional

standards of care in Pinellas County, Florida, or any similar medical community:

a.  Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

b.  Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

c.  Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

d.  Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

e.  Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

f.  Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

g.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h.  Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i.  Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j.  Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k.  Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 46

l.  Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m.  Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

n.  Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o.  Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

p.  Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

r.  Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

75.  As a direct and proximate result of the acts and omissions of Defendant, AIMEE LYN ENGELMAN-HURLEY, R.N., Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

a.  Loss of support and services from the date of their daughter's injuries;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 47

     b.   The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

     c.   Past, present and future medical expenses due to her daughter's injuries; and

     d.   Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

     a.   Past, present and future medical expenses and care;

     b.   Loss of capacity to enjoy life in the past and in the future for the rest of her life;

     c.   Loss of future earning capacity in the past and in the future for the rest of her life;

     d.   Mental pain and anguish in the past and in the future for the rest of her life;

     e.   Bodily injury in the past and in the future for the rest of her life;

     f.   Disability in the past and in the future for the rest of her life;

     g.   Pain and suffering in the past and in the future for the rest of her life;

     h.   Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

     i.   Inconvenience in the past and in the future for the rest of her life; and

     j.   Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, AIMEE LYN ENGELMAN-HURLEY, R.N., for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 48

## COUNT XII
## WILLFUL, RECKLESS AND WANTON DISREGARD OF HUMAN RIGHTS AND
## SAFETY CLAIM AGAINST DEFENDANT, AIMEE LYN ENGELMAN-HURLEY, R.N.

76.     Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the

allegations contained in Paragraphs 1 through 37, and further alleges:

77.     Defendant, AIMEE LYN ENGELMAN-HURLEY, R.N., individually, owed a duty

to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional

standards of care for registered nurses in light of all relevant circumstances.  Notwithstanding the

duty undertaken, Defendant, AIMEE LYN ENGELMAN-HURLEY, R.N., did or failed to do one

or more of the following acts, any or all of which were departures from the acceptable professional

standards of care in Pinellas County, Florida, or any similar medical community, and constituted

a willful, reckless, and wanton disregard for AIYANNA MALCOLM'S life and safety:

a.   Failure to properly evaluate, monitor and adequately prepare for all perinatal
     risk factors in a high-risk pregnancy and delivery;

b.   Failure to appropriately examine and manage a high-risk obstetrical patient in
     labor;

c.   Failure to timely and appropriately communicate with, and supervise, other
     team members to assure the proper monitoring and management of a high-risk
     obstetrical patient in labor and a safe delivery;

d.   Failure to recognize and to timely and appropriately intervene for signs of pre-
     eclampsia, excessive uterine activity, maternal fever, and fetal distress during a
     protracted labor;

e.   Failure to order the proper administration, titration and discontinuation of
     Pitocin during labor;

f.   Failure to timely and appropriately perform a C-section delivery and rescue a
     fetus in distress;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 49

g. Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h. Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j. Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k. Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l. Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m. Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

n. Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o. Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

p. Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q. Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 50

    r.   Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

78.    Defendant, AIMEE LYN ENGELMAN-HURLEY, R.N., actions demonstrated a clear, wanton, and willful disregard for the life and safety of AIYANNA MALCOLM.

79.    As a direct and proximate result of the reckless acts and omissions of Defendant, AIMEE LYN ENGELMAN-HURLEY, R.N., Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, has suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

    a.   Loss of support and services from the date of their daughter's injuries;

    b.   The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

    c.   Past, present and future medical expenses due to her daughter's injuries; and

    d.   Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

    a.   Past, present and future medical expenses and care;

    b.   Loss of capacity to enjoy life in the past and in the future for the rest of her life;

    c.   Loss of future earning capacity in the past and in the future for the rest of her life;

    d.   Mental pain and anguish in the past and in the future for the rest of her life;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 51

     e.       Bodily injury in the past and in the future for the rest of her life;

     f.       Disability in the past and in the future for the rest of her life;

     g.       Pain and suffering in the past and in the future for the rest of her life;

     h.       Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

     i.       Inconvenience in the past and in the future for the rest of her life; and

     j.       Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, AIMEE LYN ENGELMAN-HURLEY, R.N., for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

**COUNT XIII**
**NEGLIGENCE OF DEFENDANT, JACKIE MARIE O'TOOLE-SEGLER, R.N.**

80.     Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, and further alleges:

81.     Defendant, JACKIE MARIE O'TOOLE-SEGLER, R.N., individually, owed a duty to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional standards of care for obstetricians and gynecologists in light of all relevant circumstances. Notwithstanding the duty undertaken, Defendant, JACKIE MARIE O'TOOLE-SEGLER, R.N., did or failed to do one or more of the following acts, any or all of which were departures from the acceptable professional standards of care in Pinellas County, Florida, or any similar medical community:

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 52

a. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

b. Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

c. Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

d. Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

e. Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

f. Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

g. Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h. Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j. Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k. Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l. Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m. Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 53

n.  Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o.  Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

p.  Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

r.  Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

82.  As a direct and proximate result of the acts and omissions of Defendant, JACKIE MARIE O'TOOLE-SEGLER, R.N., Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

a.  Loss of support and services from the date of their daughter's injuries;

b.  The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

c.  Past, present and future medical expenses due to her daughter's injuries; and

d.  Loss of her daughter's support, services, companionship and protection in the past and in the future.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 54

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM

and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

a.      Past, present and future medical expenses and care;

b.      Loss of capacity to enjoy life in the past and in the future for the rest of her
life;

c.      Loss of future earning capacity in the past and in the future for the rest of
her life;

d.      Mental pain and anguish in the past and in the future for the rest of her life;

e.      Bodily injury in the past and in the future for the rest of her life;

f.      Disability in the past and in the future for the rest of her life;

g.      Pain and suffering in the past and in the future for the rest of her life;

h.      Aggravation for a pre-existing condition in the past and in the future for the
rest of her life;

i.      Inconvenience in the past and in the future for the rest of her life; and

j.      Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, JACKIE MARIE

O'TOOLE-SEGLER, R.N., for these damages and all other damages allowable by law, and

demands costs, post judgment interest, and a trial by jury.

### COUNT XIV
### WILLFUL, RECKLESS AND WANTON DISREGARD OF HUMAN RIGHTS AND SAFETY CLAIM AGAINST DEFENDANT, JACKIE MARIE O'TOOLE-SEGLER, R.N.

83.     Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the

allegations contained in Paragraphs 1 through 37, and further alleges:

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 55

84. Defendant, JACKIE MARIE O'TOOLE-SEGLER, R.N., individually, owed a duty to AIYANNA MALCOLM, to provide care in accordance with the prevailing professional standards of care for obstetricians and gynecologists in light of all relevant circumstances. Notwithstanding the duty undertaken, Defendant, JACKIE MARIE O'TOOLE-SEGLER, R.N., did or failed to do one or more of the following acts, any or all of which were departures from the acceptable professional standards of care in Pinellas County, Florida, or any similar medical community, and constituted a willful, reckless, and wanton disregard for AIYANNA MALCOLM'S life and safety:

    a. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

    b. Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

    c. Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

    d. Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

    e. Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

    f. Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

    g. Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

    h. Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 56

    i.   Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

    j.   Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

    k.   Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

    l.   Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

    m.   Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

    n.   Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

    o.   Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

    p.   Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

    q.   Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

    r.   Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

85.    Defendant, JACKIE MARIE O'TOOLE-SEGLER, R.N.'S, actions demonstrated a clear, wanton, and willful disregard for the life and safety of AIYANNA MALCOLM.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 57

86.    As a direct and proximate result of the reckless acts and omissions of Defendant,

JACKIE MARIE O'TOOLE-SEGLER, R.N., Plaintiffs, DUVAL MALCOLM and SHAWNTEL

GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, has suffered

past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

a. Loss of support and services from the date of their daughter's injuries;

b. The reasonable value of gratuitously rendered services over and above those
   which would be rendered to a normal child in the past and in the future;

c. Past, present and future medical expenses due to her daughter's injuries; and

d. Loss of her daughter's support, services, companionship and protection in the
   past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM

and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

a. Past, present and future medical expenses and care;

b. Loss of capacity to enjoy life in the past and in the future for the rest of her
   life;

c. Loss of future earning capacity in the past and in the future for the rest of
   her life;

d. Mental pain and anguish in the past and in the future for the rest of her life;

e. Bodily injury in the past and in the future for the rest of her life;

f. Disability in the past and in the future for the rest of her life;

g. Pain and suffering in the past and in the future for the rest of her life;

h. Aggravation for a pre-existing condition in the past and in the future for the
   rest of her life;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 58

     i.     Inconvenience in the past and in the future for the rest of her life; and

     j.     Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, JACKIE MARIE O'TOOLE-SEGLER, R.N., for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

## COUNT XV
## VICARIOUS LIABILITY CLAIM AGAINST BAYFRONT HMA MEDICAL CENTER, LLC BASED UPON NEGLIGENCE OF EMPLOYEES, AGENTS AND APPARENT AGENTS

87.     Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, and further alleges:

88.     At all times material, BAYFRONT HMA MEDICAL CENTER, LLC held itself out to the public as a provider of quality medical services, including the services of physicians and nursing staff, of the type required by AIYANNA MALCOLM.

89.     At all times material, BAYFRONT HMA MEDICAL CENTER, LLC was doing business as BAYFRONT MEDICAL CENTER *n/k/a* BAYFRONT HEALTH ST. PETERSBURG which owned and operated BAYFRONT BABY PLACE AT ALL CHILDREN'S HOSPITAL.

90.     Based upon the aforementioned representations, DUVAL MALCOLM and SHAWNTEL GORDON elected to go to BAYFRONT BABY PLACE, as opposed to other area hospitals for the medical care she required.

91.     At all times material hereto, the only way in which BAYFRONT BABY PLACE purported to advise DUVAL MALCOLM and SHAWNTEL GORDON that it did not employ any physicians was by means of fine print disclosure in the consent form that DUVAL MALCOLM

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 59

and SHAWNTEL GORDON were required to sign as a condition of receiving treatment. DUVAL

MALCOLM and SHAWNTEL GORDON did not have the ability, under the circumstances, to

appreciate the significance of or make any reasoned decision regarding the disclosure.

92.     At all times material hereto, DUVAL MALCOLM and SHAWNTEL GORDON,

had never met or consulted with JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P.

SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-

GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-

SEGLER, R.N., and only came into contact with her, and other nurses, because they were provided

to her by BAYFRONT BABY PLACE. By providing these nurses to SHAWNTEL GORDON,

BAYFRONT BABY PLACE represented that these nurses were its employees and/or agents.

93.     Furthermore, BAYFRONT BABY PLACE, by granting privileges to AMY JO

GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP,

SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE

LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N., any by

allowing these healthcare providers to provide medical care and treatment to patients admitted to

BAYFRONT BABY PLACE, acknowledged that these healthcare providers would act for it.

94.     DUVAL MALCOLM and SHAWNTEL GORDON relied on BAYFRONT BABY

PLACE'S representations to her detriment, in that AMY JO GABRIEL, M.D; JODI MAE

MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA,

R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY,

R.N.; and JACKIE MARIE O'TOOLE-SEGLER, R.N., failed to provide reasonable care in

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 60

accordance with the prevailing professional standard of care, which caused and/or contributed to injury to AIYANNA MALCOLM.

95.     At all times material hereto, BAYFRONT HMA MEDICAL CENTER, LLC, had a duty by and through its employees, agents and apparent agents, including but not limited to, AMY JO GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N., to provide proper care and treatment in accordance with the prevailing professional standard of care for similar healthcare providers in light of all relevant circumstances.

96.     Notwithstanding their duty, Defendant, BAYFRONT HMA MEDICAL CENTER, LLC, by and through its agents, apparent agents, servants, and/or employees, deviated and/or departed from the acceptable standards of medical care and practice in, but not limited to, the following respects:

      a.  Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

      b.  Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

      c.  Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

      d.  Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

      e.  Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 61

f.  Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

g.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h.  Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i.  Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j.  Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k.  Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l.  Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m.  Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

n.  Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o.  Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

p.  Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 62

    r.   Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

97.    As a direct and proximate result of the acts and omissions of Defendant, BAYFRONT HMA MEDICAL CENTER, LLC, Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

    a.   Loss of support and services from the date of their daughter's injuries;

    b.   The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

    c.   Past, present and future medical expenses due to her daughter's injuries; and

    d.   Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

    a.   Past, present and future medical expenses and care;

    b.   Loss of capacity to enjoy life in the past and in the future for the rest of her life;

    c.   Loss of future earning capacity in the past and in the future for the rest of her life;

    d.   Mental pain and anguish in the past and in the future for the rest of her life;

    e.   Bodily injury in the past and in the future for the rest of her life;

    f.   Disability in the past and in the future for the rest of her life;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 63

    g.    Pain and suffering in the past and in the future for the rest of her life;

    h.    Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

    i.    Inconvenience in the past and in the future for the rest of her life; and

    j.    Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, BAYFRONT HMA MEDICAL CENTER, LLC, for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

**COUNT XVI**
**VICARIOUS LIABILITY CLAIM AGAINST BAYFRONT HMA MEDICAL CENTER, LLC BASED UPON ACTS OF WILLFUL, RECKLESS AND WANTON DISREGARD OF HUMAN RIGHTS AND SAFETY BY EMPLOYEES, AGENTS AND APPARENT AGENTS**

98.    Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, and further alleges:

99.    At all times material, BAYFRONT HMA MEDICAL CENTER, LLC held itself out to the public as a provider of quality medical services, including the services of physicians and nursing staff, of the type required by AIYANNA MALCOLM.

100.    At all times material, BAYFRONT HMA MEDICAL CENTER, LLC was doing business as BAYFRONT MEDICAL CENTER *n/k/a* BAYFRONT HEALTH ST. PETERSBURG which owned and operated BAYFRONT BABY PLACE AT ALL CHILDREN'S HOSPITAL.

101.    Based upon the aforementioned representations, DUVAL MALCOLM and SHAWNTEL GORDON elected to go to BAYFRONT BABY PLACE, as opposed to other area hospitals for the medical care she required.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 64

102.    At all times material hereto, the only way in which BAYFRONT BABY PLACE

purported to advise DUVAL MALCOLM and SHAWNTEL GORDON that it did not employ any

physicians was by means of fine print disclosure in the consent form that DUVAL MALCOLM

and SHAWNTEL GORDON were required to sign as a condition of receiving treatment. DUVAL

MALCOLM and SHAWNTEL GORDON did not have the ability, under the circumstances, to

appreciate the significance of or make any reasoned decision regarding the disclosure.

103.    At all times material hereto, DUVAL MALCOLM and SHAWNTEL GORDON,

had never met or consulted with JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P.

SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-

GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-

SEGLER, R.N., and only came into contact with her, and other nurses, because they were provided

to her by BAYFRONT BABY PLACE. By providing these nurses to SHAWNTEL GORDON,

BAYFRONT BABY PLACE represented that these nurses were its employees and/or agents.

104.    Furthermore, BAYFRONT BABY PLACE, by granting privileges to AMY JO

GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP,

SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE

LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N., any by

allowing these healthcare providers to provide medical care and treatment to patients admitted to

BAYFRONT BABY PLACE, acknowledged that these healthcare providers would act for it.

105.    DUVAL MALCOLM and SHAWNTEL GORDON relied on BAYFRONT BABY

PLACE'S representations to her detriment, in that AMY JO GABRIEL, M.D; JODI MAE

MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA,

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 65

R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; and JACKIE MARIE O'TOOLE-SEGLER, R.N., failed to provide reasonable care in accordance with the prevailing professional standard of care, and constituted a willful, reckless, and wanton disregard for AIYANNA MALCOLM'S life and safety which caused and/or substantially contributed to AIYANNA MALCOLM'S injuries.

106.   At all times material hereto, BAYFRONT HMA MEDICAL CENTER, LLC, had a duty by and through its employees, agents and apparent agents, including but not limited to, AMY JO GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N., to provide proper care and treatment in accordance with the prevailing professional standard of care for similar healthcare providers in light of all relevant circumstances.

107.   Notwithstanding their duty, Defendant, BAYFRONT HMA MEDICAL CENTER, LLC, by and through its agents, apparent agents, servants, and/or employees, deviated and/or departed from the acceptable standards of medical care and practice in, but not limited to, the following respects:

      a.   Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

      b.   Failure to appropriately examine and manage a high-risk obstetrical patient in labor;

      c.   Failure to timely and appropriately communicate with, and supervise, other team members to assure the proper monitoring and management of a high-risk obstetrical patient in labor and a safe delivery;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 66

d. Failure to recognize and to timely and appropriately intervene for signs of pre-eclampsia, excessive uterine activity, maternal fever, and fetal distress during a protracted labor;

e. Failure to order the proper administration, titration and discontinuation of Pitocin during labor;

f. Failure to timely and appropriately perform a C-section delivery and rescue a fetus in distress;

g. Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

h. Failure to properly gather the patient's obstetrical history and accurately assess gestational age in a patient presenting in labor;

i. Failure to properly evaluate, monitor and adequately prepare for all perinatal risk factors in a high-risk pregnancy and delivery;

j. Failure to conduct and record the appropriate assessments, monitoring, and nursing management of a high-risk obstetrical patient in labor;

k. Failure to recognize signs of pre-eclampsia and concerning clinical changes during the labor process;

l. Failure to timely and appropriately intervene for signs of pre-eclampsia, persistent hypertension, uterine hyperstimulation, maternal fever, and fetal distress during a protracted labor;

m. Failure to properly administer, titrate, and discontinue the use of pitocin during labor as the clinical condition warranted;

n. Failure to timely summon a physician, and to assure the timely bedside evaluation of the patient by a physician, for signs of pre-eclampsia, changes in clinical condition, and signs of fetal distress during labor;

o. Failure to adequately communicate with others on the healthcare team, and to utilize the chain-of-command as needed to timely notify supervisors, midwives, and physicians for concerning changes in maternal and fetal condition during labor;

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 67

p.  Failure to prepare for an emergency C-section delivery, and to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place at delivery;

q.  Failure to ensure that the appropriate neonatal specialists and resuscitative staff, equipment and emergency procedures were in place and implemented at delivery; and

r.  Failure to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

108.  Defendants, AMY JO GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N.'S, actions demonstrated a clear, wanton, and willful disregard for the life and safety of AIYANNA MALCOLM.

109.  As a direct and proximate result of the acts and omissions of Defendant, BAYFRONT HMA MEDICAL CENTER, LLC, Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

a.  Loss of support and services from the date of their daughter's injuries;

b.  The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

c.  Past, present and future medical expenses due to her daughter's injuries; and

d.  Loss of her daughter's support, services, companionship and protection in the past and in the future.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 68

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM

and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

a. Past, present and future medical expenses and care;

b. Loss of capacity to enjoy life in the past and in the future for the rest of her life;

c. Loss of future earning capacity in the past and in the future for the rest of her life;

d. Mental pain and anguish in the past and in the future for the rest of her life;

e. Bodily injury in the past and in the future for the rest of her life;

f. Disability in the past and in the future for the rest of her life;

g. Pain and suffering in the past and in the future for the rest of her life;

h. Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

i. Inconvenience in the past and in the future for the rest of her life; and

j. Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, BAYFRONT HMA

MEDICAL CENTER, LLC, for these damages and all other damages allowable by law, and

demands costs, post judgment interest, and a trial by jury.

## COUNT XVII – NEGLIGENCE OF DEFENDANT,
## BAYFRONT HMA MEDICAL CENTER, LLC FOR NON-DELEGABLE DUTY

110.    Plaintiff hereby re-alleges and incorporates by reference each and every allegation

as set forth in Paragraphs 1 through 37, as though fully set forth herein.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 69

111.    At all times material hereto, Defendant, BAYFRONT HMA MEDICAL CENTER, LLC had a non-delegable duty to, AIYANNA MALCOLM, to provide non-negligent medical services to her pursuant to its contract and/or applicable Florida Statutes, and/or Florida Regulations and/or Federal Regulations.

112.    At all times material hereto, Defendant, BAYFRONT HMA MEDICAL CENTER, LLC, undertook a duty to treat, AIYANNA MALCOLM, for a charge, and furnished these aforementioned services to render that treatment.   Defendant, BAYFRONT HMA MEDICAL CENTER, LLC, approved the personnel who would be providing the services to, AIYANNA MALCOLM, employed, granted staff privileges to, and/or paid the Defendants, including but not limited to its nursing staff, AMY JO GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N., to perform said services.

113.    The statutory, regulatory, and contractual duties assumed by and/or imposed upon the Defendant, AYFRONT HMA MEDICAL CENTER, LLC, including but not limited to its physicians and nursing staff, AMY JO GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N., included providing services which are non-delegable, and, as a matter of law, impose direct liability upon the Defendant, BAYFRONT HMA MEDICAL CENTER, LLC, for the negligent performance of such duties.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 70

114.    As a Medicare and Medicaid provider, i.e., a Hospital accepting Medicare and Medicaid from the Federal government, Defendant, BAYFRONT HMA MEDICAL CENTER, LLC, was subject to the rules and regulations promulgated under 42 CFR 482, which govern the conditions of participation for Hospitals and impose a non-delegable duty on those participating hospitals.

115.    Specifically, pursuant to 42 CFR 482, Defendant, BAYFRONT HMA MEDICAL CENTER, LLC is responsible for the safe and effective delivery of services furnished in the hospital, even if furnished under contracts with those labeled independent contractors.

116.    The non-delegable duty imposed by 42 CFR 482 applies to services and encompasses the acts or omissions of the Defendants, BAYFRONT HMA MEDICAL CENTER, LLC, and/or AMY JO GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N., and other hospital personnel.   Defendant, BAYFRONT HMA MEDICAL CENTER, LLC, breached its statutory non-delegable duty to, AIYANNA MALCOLM.

117.    Florida hospital licensing and regulation statutes and rules (§§ 395.001, 395.1055, Fla. Stat.; FAC 59A-3.2085(3), FAC 59A-3.2085(5), and FAC 59A-3.2085(8)), imposed a non-delegable duty upon Defendant, BAYFRONT HMA MEDICAL CENTER, LLC to provide these medical services to, AIYANNA MALCOLM.

118.    The contract between AIYANNA MALCOLM and the Defendant, BAYFRONT HMA MEDICAL CENTER, LLC imposed a non-delegable duty on Defendant, BAYFRONT HMA MEDICAL CENTER, LLC to provide these services to AIYANNA MALCOLM.

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 71

WHEREFORE, the Plaintiffs demand judgment against Defendant, BAYFRONT HMA

MEDICAL CENTER, LLC, for these damages and all other damages allowable by law, and

demands costs, post judgment interest, and a trial by jury.

### COUNT XVIII
### VICARIOUS LIABILITY CLAIM AGAINST JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC. BASED UPON JOINT VENTURE

119.    Plaintiff, AIYANNA MALCOLM, re-alleges and incorporates by reference the

allegations contained in Paragraphs 1 through 37, and further alleges:

120.    At all material times, BAYFRONT HMA MEDICAL CENTER, LLC participated

in a partnership or joint venture with, JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC.

(hereinafter referred to as the "joint venture").

121.    At all material times, the entities in the joint venture had an express or implied

agreement to carry out a single business enterprise (obstetrical and neonatology services) for profit

whereby they each contributed labor, time and material, services, or capital; they each maintained

joint control or right of control over the venture; they shared in the expenses, benefits, income,

promotions and advertising of this joint venture; and they each had a right to share in the profits

and a duty to share in the losses.

122.    At all material times, AMY JO GABRIEL, M.D.; JODI MAE MCCAULEY,

ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.;

JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.;

JACKIE MARIE O'TOOLE-SEGLER, R.N., were those obstetrical medical providers employed

by BAYFRONT HMA MEDICAL CENTER, LLC and contractually provided to JOHNS

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 72

HOPKINS ALL CHILDREN'S HOSPITAL, INC., as part of the written agreement for establishing a obstetrical delivery department at JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC.

123.     Furthermore, JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC., by granting privileges to AMY JO GABRIEL, M.D.; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N., and by allowing these healthcare providers to provide medical care and treatment to patients admitted to JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC., acknowledged that these healthcare providers would act for it.

124.     DUVAL MALCOLM and SHAWNTEL GORDON relied on JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC.'S representations to their detriment, in that AMY JO GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N., failed to provide reasonable care in accordance with the prevailing professional standard of care, which caused and/or contributed to injury to AIYANNA MALCOLM.

125.     At all material times, the negligent acts or omissions and breach of duty by AMY JO GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N., as set forth

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 73

herein, fell below the prevailing professional standard of care, and constituted willful, reckless, and wanton disregard for AIYANNA MALCOLM'S life and safety.

126.    As a result of these legal relationships with BAYFRONT HMA MEDICAL CENTER, LLC, Defendant, JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC., is vicariously liable for the acts of negligence of Defendants AMY JO GABRIEL, M.D; JODI MAE MCCAULEY, ARNP, CNM; LAJUAN P. SANCHEZ, ARNP, SNM; CHELSEA LEE DELUCA, R.N.; JALEESA KATREAL CLARK-GIBSON, R.N.; AIMEE LYN ENGELMAN-HURLEY, R.N.; JACKIE MARIE O'TOOLE-SEGLER, R.N.

127.    As a direct and proximate result of the acts and omissions of Defendant, JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC., Plaintiffs, DUVAL MALCOLM and SHAWNTEL GORDON, as the parents and natural guardians of AIYANNA MALCOLM, a minor, have suffered past, present and future damages as follows:

As to DUVAL MALCOLM and SHAWNTEL GORDON:

a.    Loss of support and services from the date of their daughter's injuries;

b.    The reasonable value of gratuitously rendered services over and above those which would be rendered to a normal child in the past and in the future;

c.    Past, present and future medical expenses due to her daughter's injuries; and

d.    Loss of her daughter's support, services, companionship and protection in the past and in the future.

As to AIYANNA MALCOLM, a minor, by and through her parents, DUVAL MALCOLM and SHAWNTEL GORDON, as the natural guardians of AIYANNA MALCOLM:

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 74

    a.    Past, present and future medical expenses and care;

    b.    Loss of capacity to enjoy life in the past and in the future for the rest of her life;

    c.    Loss of future earning capacity in the past and in the future for the rest of her life;

    d.    Mental pain and anguish in the past and in the future for the rest of her life;

    e.    Bodily injury in the past and in the future for the rest of her life;

    f.    Disability in the past and in the future for the rest of her life;

    g.    Pain and suffering in the past and in the future for the rest of her life;

    h.    Aggravation for a pre-existing condition in the past and in the future for the rest of her life;

    i.    Inconvenience in the past and in the future for the rest of her life; and

    j.    Embarrassment in the past and in the future for the rest of her life.

WHEREFORE, the Plaintiffs demand judgment against Defendant, JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC., for these damages and all other damages allowable by law, and demands costs, post judgment interest, and a trial by jury.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-Serve

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 75

to all Counsel on the attached list, this 3rd day of July, 2018.

/s/ JORDAN A. DULCIE
JORDAN A. DULCIE
Florida Bar No.: 118635
Attorney E-Mail(s):  jdulcie@searcylaw.com;
axs@searcylaw.com; isa@SearcyLaw.com
Primary E-Mail: _LewisTeam@SearcyLaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorney for Plaintiffs

Malcolm, Aiyanna (a minor) vs. Bayfront Baby Place at All Children's Hospital, et al.
First Amended Complaint
Page 76

## COUNSEL LIST

C. Howard Hunter, Esquire
howard.hunter@hwhlaw.com;
dee.loach@hwhlaw.com
Hill Ward & Henderson, P.A.
Post Office Box 2231
Tampa, FL  33601
Phone: (813) 221-3900
Fax: (813) 221-2900
Attorneys for Johns Hopkins All Children's
Hospital, Inc.

Matthew S. Mudano, Esquire
Matthew.Mudano@csklegal.com
Cole Scott & Kissane, P.A.
4301 W Boy Scout Boulevard, Suite 400
Tampa, FL  33607
Phone: (813)-289-9300
Fax: (813)-286-2900
Attorneys for Bayfront HMA Medical
Center, LLC, Bayfront Health St.
Petersburg, Bayfront Baby Place at All
Children's Hospital, Chelsea Lee DeLuca,
R.N., Jaleesa Katreal Clark-Gibson, R.N.,
Aimee Lyn Engelman-Hurley, R.N. and
Jackie Marie O'Toole-Segler, R.N

Robert R. Warchola, Esq.
rwarchola@slk-law.com
abaker@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 e. Kennedy Boulevard, Suite 2800
Tampa, FL 33602
Phone: (813) 229-7600
Fax:    (813) 229-1660
Attorneys for Defendant
Foundation for a Healthy St. Petersburg, Inc.
f/k/a  Bayfront Medical Center