UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Aiyanna Malcolm (a minor, by and
Through her parents and natural guardians,
Duval Malcolm and Shawntel Gordon,
and Duval Malcolm and Shawntel Gordon,
individually,

    Plaintiffs,

v.                               **CASE NO.:**  8:18-cv-2398-T-17SPF

Foundation for a Healthy St. Petersburg, Inc.
f/k/a Bayfront Medical Center, Inc., and
Bayfront HMA Medical Center, LLC, each
d/b/a Bayfront Medical Center n/k/a Bayfront
Health St. Petersburg and each d/b/a Bayfront
Baby Place at All Children's Hospital; CHS/
Community Health Systems, Inc.; Amy Jo
Gabriel, M.D.; Jodi Mae McCauley, ARNP,
CNM; Lajuan P. Sanchez, ARNP, SNM;
Chelsea Lee Deluca, R.N.; Jaleesa Katreal
Clark-Gibson, R.N.; Aimee Lyn Engelman-
Hurley, R.N.; and Jackie Marie O'Toole-
Segler, R.N.,

    Defendants.
_____/

## **DEFENDANT, JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant, Johns Hopkins All Children's Hospital, Inc., formerly known as All Children's Hospital, Inc. (hereinafter "JHACH") responds to the First Amended Complaint filed herein by stating:

## ANSWER

Answering the allegations of the First Amended Complaint, JHACH states as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

1. It is admitted that the action is brought pursuant to Chapter 766 and 768, Florida Statutes, Rule 1.650, Florida Rules of Civil Procedure, and the general common law of Florida, and further admitted that damages are *claimed* in excess of $15,000.00, exclusive of interest and costs. However, it is denied that a cause of action exists, or that such damages have been incurred or are owed. The jurisdiction of the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida, and venue therein is admitted. Otherwise denied.

2. While it is admitted that JHACH was served with a notice of intent to initiate litigation prior to this action, it is *denied* that said notice was adequate or lawfully valid. It is admitted that a good faith presuit investigation was conducted. Otherwise denied.

3. Admitted.

4. It is admitted, upon information and belief, that Defendant Bayfront HMA Medical Center, LLC, was and is a Florida limited liability company doing business at this time as Bayfront Health St. Petersburg (hereinafter "Bayfront"). Otherwise denied for lack of knowledge.

5. Admitted.

6. Denied for lack of knowledge.

7. Denied for lack of knowledge.

8. Denied for lack of knowledge.

9. Denied for lack of knowledge.

10. Denied for lack of knowledge.

11. Denied for lack of knowledge.

12. Denied for lack of knowledge.

13. Admitted.

14. Admitted.

15. It is admitted that at all times material hereto, JHACH was and is a Florida not-for-profit corporation with its principal place of business in Pinellas County, Florida. Otherwise denied.

16. It is admitted that at all times material hereto, Bayfront leased and occupied space in the building which houses JHACH, which said leasehold space was known as the Bayfront Baby Place at All Children's Hospital (hereinafter the "Baby Place"). It is further admitted that obstetrical services were provided in said leasehold by Bayfront and its medical staff, personnel, nurses, and physicians. Otherwise denied; it is affirmatively alleged that the obstetrical services provided by the Baby Place were within the *exclusive* dominion and control of Bayfront.

17. It is admitted that at all times material hereto, JHACH and certain of its affiliates provided neonatology services on a consultative basis, upon the request of Bayfront, at the Baby Place. Otherwise denied.

18. Denied.

19. Admitted.

20. Denied.

21. Denied for lack of knowledge.

22. It is admitted that JHACH received a notice of intent to initiate litigation prior to the institution of this action, but denied that the same was lawfully valid. See response to paragraph 1 above. Otherwise denied for lack of knowledge.

23. Denied for lack of knowledge.

24. Denied for lack of knowledge.

25. Denied for lack of knowledge.

26. Denied for lack of knowledge.

27. Denied for lack of knowledge.

28. Denied for lack of knowledge.

29. Denied for lack of knowledge.

30. Denied for lack of knowledge.

31. Denied for lack of knowledge.

32. Denied for lack of knowledge.

33. Denied for lack of knowledge.

34. Denied for lack of knowledge.

35. Denied for lack of knowledge.

36. It is admitted that the neonatology service of JHACH received a call to consult regarding Baby Aiyanna's birth soon thereafter, and arrived at her bedside shortly after her birth at approximately five minutes of age. Otherwise denied, or denied for lack of knowledge.

37. Denied, or denied for lack of knowledge.

## COUNT I - XVII

Counts I through XVII, paragraphs 38-118, inclusive: these counts and paragraphs of the First Amended Complaint do not pertain to this Defendant, or to its agents, servants, or employees. JHACH accordingly denies all and several of said counts and paragraphs, or denies the same for lack of knowledge, to the extent that they may be found to pertain in some fashion to this defendant.

## COUNT XVIII
## VIARIOUS LIABILITY CLAIM AGAINST JOHNS HOPKINS ALL CHILDREN'S HOSPITAL, INC. BASED UPON JOINT VENTURE

119. JHACH realleges and reasserts its answers as aforesaid to paragraphs 1-37 above.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied, and denied in each of its several subparagraphs.

## AFFIRMATIVE DEFENSES

As defenses to the First Amended Complaint, JHACH affirmatively alleges:

1. That necessary conditions precedent to the institution of this action have not occurred. As pled hereinabove, while JHACH received a notice of intent to initiate litigation in this cause, the said notice of intent to initiate litigation was legally insufficient and invalid, as it did not address care that was rendered by JHACH or its agents, servants, or employees, and no affidavit from a lawfully competent expert was attached to said affidavit corroborating the same.

2. The First Amended Complaint fails to state a cause of action pursuant to which relief can be granted, in that it sets forth a purported claim for vicarious liability pursuant to a joint venture that does not, and never has, existed as a matter of fact or law.

3. That such cause of action as may be stated herein is strictly controlled by the provisions of Chapter 766, Florida Statutes.

4. That Defendant is entitled to a set-off for all collateral sources of indemnity pursuant to applicable provisions of the Florida Statutes in the event liability is found or determined against him herein.

5. That Plaintiffs' own negligent acts or omissions caused or contributed to such injury or damages suffered, and recovery must therefore be denied or reduced pursuant to the principles of comparative negligence.

6. That Plaintiffs have failed to mitigate any injury or damage they may have suffered as a result of any incident which may be proven herein, and their recovery must be denied or reduced in proportion to their failure to so mitigate.

7. That such injury or damage as plaintiff may have suffered was solely the result of the natural and inexorable process of human disease or condition, and not the act or omission of this Defendant.

8. That Plaintiffs' injury is solely the result of the unforeseeable acts or omissions of third persons over which this Defendant has no control, if it is a result of the wrongful act or omission of any party.

9. That Defendant is entitled to be held liable, if at all, only in proportion to their comparative degree of fault pursuant to Section 768.81, Florida Statutes.

10. That Plaintiffs' damages, if any, were caused by the negligence of third persons or entities over whom this Defendant had no control nor right of control. This Defendant specifically reserves the right to name said person, persons, or entities on or before the date of the pretrial conference pursuant to the authority of *Wells Fargo v. Nash*, 654 So. 2d 155 (Fla. 1st DCA 1995) and *E.H.P. Corp. v. Cousins*, 654 So. 2d 976 (Fla. 2nd DCA 1995).

11. That in the event liability is determined by the trier of fact and damages are awarded to compensate Plaintiffs for losses sustained, then this Defendant shall be entitled to a reduction of said award by the amount of any settlement proceeds paid by any other party or non-party in accordance with Florida law.

**WHEREFORE**, Defendant Johns Hopkins All Children's Hospital, Inc. demands that this action be dismissed, that judgment be rendered in its favor, and that this court grant recovery of costs and such other and several relief as may be lawful and appropriate. To the extent applicable, Defendant demands trial by jury of all issues so triable as a right.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October ___, 2018, I electronically filed the foregoing with the Clerk of Court by using eFilings through the Florida Courts CM/ECF System, which will provide a Notice of eFiling to Jordan A. Dulcie, Esquire at jdulcie@searcylaw.com; Daniel A. Shapiro, Esquire and Matthew S. Mudano, Esquire at daniel.shapiro@csklegal.com and matthew.mudano@csklegal.com; and Francis E. Pierce, III, Esquire at litpleadings@mateerharbert.com.

                                     /s/ C. Howard Hunter
                                     C. Howard Hunter (FBN 270199)
                                     howard.hunter@hwhlaw.com
                                     Chad E. Burgess (FBN 106882)
                                     chad.burgess@hwhlaw.com
                                     Hill Ward Henderson
                                     P.O. Box 2231
                                     Tampa, FL 33601-2231
                                     (813)221-3900 / (813)221-2900–facsimile
                                     *Attorneys for Defendant Johns Hopkins All Children's Hospital, Inc.*

11716667v1