UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A.M. (a minor), by and through her parents
and natural guardians, DUVAL MALCOLM
and SHAWNTEL GORDON and DUVAL
MALCOM and SHAWNTEL GORDON,
individually,

        Plaintiffs,

v.                           Case No. 8:18-cv-2398-JSM-SPF

BAYFRONT HMA MEDICAL CENTER,
LLC, d/b/a BAYFRONT MEDICAL
CENTER n/k/a BAYFRONT HEALTH
ST. PETERSBURG, et al.,

        Defendants.

_____/

## ORDER

This cause comes before the Court upon Plaintiffs' Motion for Leave to Serve Punitive Damages Financial Worth Discovery ("Motion for Leave") (Doc. 172) and Plaintiffs' Second Motion for Sanctions Against Defendant, Bayfront HMA Medical Center, LLC d/b/a Bayfront Medical Center ("Motion for Sanctions") (Doc. 178).  The Bayfront Defendants filed responses in opposition thereto (Docs. 176, 202).  For the reasons explained below, the Court finds that Plaintiffs' Motion for Leave should be granted in part and denied in part, and Plaintiffs' Motion for Sanctions should be denied.

## MOTION FOR LEAVE

This is a medical malpractice action involving a minor child, which is scheduled for a jury trial in January 2023.  The events of this case took place in 2016, and this litigation has been pending since 2018.  The discovery deadline was on August 5, 2022, and the final pretrial

conference is scheduled for December 6, 2022.  Now, on the eve of the pretrial conference, Plaintiffs seek leave to serve "limited financial net worth punitive damages discovery" (Doc. 172 at 3).

"A party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b), 16(b)).  Rule 16(b) requires district courts to enter a scheduling order that, among other things, limits the time to complete discovery.  *See* Fed. R. Civ. P. 16(b)(3)(A).  Rule 16(b) additionally provides that such orders "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee note).  To determine whether a party has shown excusable neglect warranting an extension under Rule 6(b), a court must consider all relevant circumstances, including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith."  *Adv. Estimating Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Plaintiffs' Motion for Leave fails to address the good cause requirement of Rule 16 and the excusable neglect requirement of Rule 6.  Plaintiffs' Corrected Second Amended Complaint (Doc. 26) was filed in November 2018 and contained claims that could entitle

them to an award of punitive damages.[1]  Plaintiffs' Third Amended Complaint was filed in March 2022, five months before the discovery deadline (Doc. 102).

Plaintiffs fail to offer any explanation for their delay in seeking this information, outside of citing to one case in which the court delayed the production of financial worth discovery until the final pre-trial conference.  *See Gallina v. Commerce & Indus. Ins.*, No. 8:06-cv-1529-T-27EAJ, 2008 WL 3895918, at *1 (M.D. Fla. Aug. 15, 2008) ("Plaintiffs may serve Commerce with the limited discovery regarding financial worth that they have outlined in their motion . . . . However, Commerce is not required to produce the requested discovery until the final pre-trial conference, or such later time, when it becomes apparent to this Court that punitive damages can be awarded.").  While this may support the delayed production of Defendants' financial information, it does not justify the delayed request for this information.

To that end, Plaintiffs appear to be under the impression that section 768.72, Florida Statutes required Plaintiffs to delay in requesting discovery on punitive damages.[2]  The statute provides, in relevant part:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.

---

[1] While the prayers for relief in Plaintiffs' Corrected Second Amended Complaint (and subsequently filed Third Amended Complaint) do not expressly request punitive damages, this is not necessarily required.  *See Scutieri v. Paige*, 808 F.2d 785, 791 (11th Cir. 1987) (holding that punitive damages need not be included in prayer for relief where complaint otherwise indicates presence of wantonness, malice, or reckless disregard); *see also Hetrick v. Ideal Image Dev. Corp.*, No. 8:07-cv-871-T-33TBM, 2009 WL 33625, at *2 (M.D. Fla. Jan. 5, 2009) (denying motion in limine and holding that Plaintiff could present evidence of punitive damages where complaint did not explicitly request punitive damages but otherwise contained allegations of intentional fraudulent misrepresentations).

[2] Plaintiffs' Motion for Leave references the passing of the summary judgment deadline as a basis for it seeking this relief.  But as the Eleventh has observed. "Florida courts entertain the punitive damage issue by way of a motion to dismiss or a motion to strike, not a summary judgment motion."  *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001).

> The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. . . . No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

Fla. Stat. § 768.72(1). The Eleventh Circuit has divided the statute into two separate components: (1) the pleading component, which requires a plaintiff to obtain leave of court before including a prayer for punitive damages in the complaint; and (2) the discovery component, which requires a plaintiff to produce evidence that shows a reasonable basis for punitive damages prior to seeking financial worth discovery. *Wyndham Vacation Ownership, Inc. v. Square One Dev. Grp., Inc.*, No. 6:20-cv-643-RBD-EJK, 2022 WL 1620216, at *1 (M.D. Fla. Feb. 2, 2022) (citing *Porter*, 241 F.3d at 1340). It is well-settled that the pleading component of section 768.72 does not apply to cases in federal court because it conflicts with Rule 8. *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated in part*, 204 F.3d 1069 (11th Cir. 2000) ("*Cohen II*"). As a result, "a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages." *Cohen II*, 204 F.3d at 1072.

In *Porter*, the Eleventh Circuit left open the question of whether the discovery component of section 768.72 applies to financial worth discovery concerning punitive damages claims in diversity cases. 241 F.3d at 1340. Since that decision, courts in the Middle District of Florida have divided on the issue. *Compare Lynch v. Rose Radiology Ctrs., Inc.*, No. 8:20-cv-2895-SCB-AAS, 2022 WL 1015815, at *2 (M.D. Fla. Apr. 5, 2022) ("Rose Radiology applies a reasonable basis requirement to the production of financial worth discovery by citing § 768.72 . . . . Courts in this district have repeatedly held § 768.72, Fla. Stat., is inconsistent with the Federal Rules of Civil Procedure."); *and Rosolen v. Home Performance All., Inc.*, No. 2:19-cv-24-JLB-NPM, 2020 WL 7419651, at *3 (M.D. Fla. Aug. 21, 2020) ("Indeed, § 768.72

is a pleading statute 'that has no effect on discovery practice in federal court.'") (quotations omitted); *with Wyndham*, 2022 WL 1620216, at *1 ("[C]ourts within this Circuit have held that the Discovery Component remains viable and is satisfied where a plaintiff pleads specific acts committed by a defendant that provide a reasonable basis to support a punitive damages claim."); *and Johnson v. New Destiny Christian Ctr. Church, Inc.*, No. 6:17-cv-710-Orl-37DCI, 2018 WL 7500082, at *4 (M.D. Fla. Oct. 23, 2018) ("Since [the *Porter*] decision, the weight of authority in this District has leaned heavily in favor of applying the discovery component of section 768.72 to financial worth discovery concerning punitive damages claims in diversity cases.").

The Court need not resolve this issue today as the operative Third Amended Complaint pleads specific acts committed by Defendants that provide a reasonable basis to support punitive damages claims. *Wyndham*, 2022 WL 1620216, at *1. In Florida, "punitive damages are appropriate when a defendant engages in conduct which is . . . committed with such gross negligence as to indicate a wanton disregard for the rights and safety of others." *Owens-Corning Fiberglass Corp. v. Ballard*, 749 So. 2d 483, 486 (Fla. 1999). Here, the Third Amended Complaint brings several claims for "Willful, Reckless and Wanton Disregard of Human Rights and Safety" and alleges specific acts of reckless conduct that "demonstrated a clear, wanton, and willful disregard for the life and safety of A.M." (Doc. 102).

In their response to the Motion for Leave, Defendants likewise do not address Rule 16's good cause requirement or Rule 6's excusable neglect requirement (Doc. 176). Instead, Defendants state that they oppose the Motion because the discovery period ended, and because the operative Third Amended Complaint fails to set forth allegations "rising to the level of gross negligence or intentional misconduct necessary to support a claim for punitive

damages." (*Id.* at ¶ 6).[3]  Defendants also cite to Plaintiffs' inability to seek punitive damages in state court without first proffering evidence of entitlement to punitive damages, and suggest that Plaintiffs should not be able to avail themselves of a "loophole in federal court that they could never use in state court." (*Id.* at ¶ 6).[4]

Thus, neither Plaintiffs nor Defendants meaningfully addressed whether Plaintiffs whether there is good cause to allow Plaintiffs to serve discovery after the discovery deadline has passed, or whether Plaintiffs' failure to serve discovery before the deadline was a result of excusable neglect.  Despite the foregoing, based on the apparent (and somewhat understandable) confusion on the appropriate timing of punitive damages discovery in this specific case, the Court finds that there is minimally sufficient good cause and excusable neglect to reopen discovery for the limited purpose of permitting Plaintiffs to seek *limited* financial worth discovery.  *In re: Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2016 WL 3906927, at *2 (M.D. Fla. July 19, 2016) ("Financial net worth discovery is relevant to a claim for punitive damages, but the scope of such discovery is within the discretion of the court.") Accordingly, the Court will allow limited financial net worth discovery as set forth below. *See WhereverTV, Inc. v. Comcast Cable Commc'ns, LLC*, No. 2:18-cv-529-JLB-NPM, 2021 WL 1320814, at *3 (M.D. Fla. Feb. 1, 2021) ("Cases should be decided on their merits and not unduly truncated discovery."); *Collins v. United States*, No. 3:08-cv-923-J-32JRK, 2010 WL

---

[3] Defendants do not elaborate or otherwise provide any supporting analysis for these positions.

[4] Even if the Court were persuaded by this argument, Judge Moody has since indicated his intent to retain jurisdiction in this matter (Doc. 177).  This litigation is pending in federal court and the parties are subject to the rules applicable in federal court.

4643279, at *5 (M.D. Fla. Nov. 9, 2010) (noting that courts vastly prefer to decide cases on their merits).

Plaintiffs' proposed net worth discovery is, however, overbroad.[5]  "Only current financial documents are relevant to a claim for punitive damages."  *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quotation omitted).  Accordingly, the requests shall be limited in both time and scope.  The net-worth discovery will be limited to the years **2021-2022**.  *See Alexander v. Allen*, No. 2:13-CV-885-FTM-29CM, 2014 WL 3887490, at *3 (M.D. Fla. Aug. 7, 2014) ("The Court finds that a four-year time period is overbroad and finds it appropriate to narrow the scope to the past two years.").  Defendant Bayfront HMA Medical Center, LLC is required to produce year-end financial statements for fiscal years 2021 and 2002 (if available), as well as any completed quarterly financial statements for fiscal year 2022. With respect to the individual Defendants—Chelsea Lee Deluca, Jalessa Katreal Clark-Gibson, Aimee Lyn Engleman-Hurley, and Jackie Mari O'Toole-Segler—are each required to provide generalized information in the form of an affidavit listing significant assets, liabilities and a statement of net worth. *See In re: Fiddler's Creek,* 2016 WL 3906927, at *4 (collecting cases).   Finally, this financial information shall be used solely for this litigation and shall be destroyed following the completion of this litigation.

## MOTION FOR SANCTIONS

Now, the Court turns to Plaintiffs' Motion for Sanctions.  Plaintiffs assert that Defendant Bayfront HMA Medical Center, LLC d/b/a Bayfront Medical Center

---

[5] Plaintiffs' proposed financial net-worth discovery (Doc. 172-1) cannot be fairly characterized as limited.  It includes 20 requests for production covering a period of 5-9 years, and 7-12 interrogatories per Defendant, excluding subparts.

("Bayfront") failed to adequately prepare its corporate representatives for deposition, as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Having considered the Motion, the Court finds that the Motion should be denied.

## I.   Standard of Review

Under Rule 30(b)(6), upon receiving a deposition notice that describes "with reasonable particularity the matters for examination," a corporation must make a good faith effort to designate a representative having knowledge of the matters listed in the notice and to prepare the representative so he or she can answer fully, completely, and not evasively. Fed. R. Civ. P. 30(b)(6); *Marcelle v. Am. Nat'l Delivery, Inc.*, No. 3:09-cv-82-J-34MCR, 2009 WL 4349985, at *2 (M.D. Fla. Nov. 24, 2009). "The rules require that the corporation select an officer or employee to gather and obtain from books, records, other officers or employees, or other sources, the information necessary to answer the [discovery]." *Palma v. Metro PCS Wireless, Inc.*, No. 8:13-cv-698-T-33MAP, 2014 WL 1900102, at *1 (M.D. Fla. Apr. 30, 2014) (citation and quotations omitted).

A corporate party does not satisfy its obligations under Rule 30(b)(6) by merely "producing a designee and [then] seeing what he has to say or what he can cover." *Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc.*, 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010) (citation and quotations omitted).  "If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute." *Id.* (citation and quotations omitted).  If the Rule 30(b)(6) designee cannot answer questions on the topics as to which she is designated, "the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions." *Id.* (quoting *King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995)).

Plaintiffs ask the Court to sanction Bayfront under Rule 37(b) and Rule 37(d)(1)(A)(i). Producing an unprepared Rule 30(b)(6) witness may be sanctionable as a nonappearance under the rule. *See Cont'l Cas. Co.*, 716 F. Supp. 2d at 1189. Permissible sanctions include an order "rendering a default judgment against the disobedient party," Fed. R. Civ. P. 37(b)(2)(A)(vi), in addition to or in lieu of an award of reasonable expenses, including attorney's fees, caused by the nonappearance. Fed. R. Civ. P. 37(d)(3). "[A]lthough Rule 37 confers upon district court judges broad discretion ... this discretion is not unbridled." *United States v. Certain Real Prop. Located as Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (citation omitted). "[D]istrict courts should wield it wisely and with restraint and discretion," fashioning a sanction that is appropriate considering the circumstances. *Ulysse v. Waste Mgmt., Inc. of Fla.*, 617 F. App'x 951, 953 (11th Cir. 2015).

## II.  Discussion

### a.  Procedural History

In June 2022, counsel for Plaintiffs first began requesting to set the depositions of Bayfront's corporate representative(s) (Doc. 178-1).   After attempts at scheduling the depositions fell through, on August 12, 2022, Plaintiffs filed a Motion to Compel (Doc. 141), seeking an order requiring Bayfront to produce one or more corporate representatives for deposition.  On September 7, 2022, Plaintiffs filed a Motion for Sanctions (Doc. 151) against Bayfront for canceling the deposition of its corporate representatives.  On October 17, 2022, the undersigned held a hearing on Plaintiffs' Motions and ordered Bayfront to offer multiple dates for its corporate representative(s) to be deposed on or before November 4, 2022 (Doc. 168).

Plaintiffs' deposition notice designated twenty-seven[6] topics to be covered in the deposition.   Bayfront produced six corporate representatives to testify on the twenty-seven topics.   Due to various factors, counsel for Bayfront faced challenges in securing appropriate representatives for these topics.[7]   The depositions of the six representatives took place between November 2 and November 4, 2022.   Bayfront's counsel states that she prepared two of the corporate representatives over several days while an associate prepared three of the corporate representatives over several days (Doc. 202-1, ¶¶ 5, 6).   Bayfront's counsel also represents that one representative was less cooperative, forcing Bayfront to subpoena him and failing to agree to extensive preparation.[8]   After the depositions took place, the parties conferred on the shortcomings in testimony, and Bayfront offered to produce new representative(s) for deposition to correct the deficiencies.   Plaintiffs failed to take advantage of this offer.   Now, as a consequence of Bayfront's alleged failure to prepare corporate representatives, Plaintiffs request that the Court sanction Bayfront in the form of a default judgment against Bayfront on Plaintiffs' vicarious liability claims and claim under section 766.110, Florida Statutes.

---

[6] Plaintiffs' original request for the deposition of Bayfront's corporate representative designated only twenty-four areas of inquiry (Doc. 178-1).   After this Court issued its order compelling the deposition(s), Plaintiffs added three new areas of inquiry.

[7] By way of example, the underlying incident occurred in 2016, making it difficult to locate representatives who had knowledge of the topics during the relevant period.   Moreover, Bayfront sold the hospital in October 2020, creating further challenges (Doc. 202 at 2–3).

[8] Given the passage of time, this witness was identified by Bayfront's contact at Orlando Health (the current owner of the hospital) as the best point of contact for one topic (Doc. 202 at 8 n.9).

###### b.  Rule 37 Sanctions

Plaintiffs did not move to compel a second Rule 30(b)(6) deposition under Rule 37(a).[9] *See* Fed. R. Civ. P. 37(a)(3)(B)(i) (a party may move to compel if "a deponent fails to answer a question asked under Rule 30 or 31").  Instead, Plaintiff moves under Rule 37(d), which authorizes sanctions if a Rule 30(b)(6) designee fails to appear for a deposition.  A corporation must prepare its Rule 30(b)(6) designee to the extent information is reasonably available, whether from documents, past employees, or other sources. *In re Brican Am. LLC Equip. Lease Litig.*, No. 10-md-02183-SEITZ, 2013 WL 5519969, at *4 (S.D. Fla. Oct. 1, 2013).  Otherwise, the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions. *Stoneeagle Serv., Inc. v. Pay-Plus Solutions, Inc.*, No. 13-cv-2240-T-33MAP, 2015 WL 12843846, at *1 (M.D. Fla. Apr. 29, 2015) (citing *King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D. Fla. 1995)).  A corporation's obligation under Rule 30(b)(6) does not mean the witness can never answer that the corporation lacks knowledge of a certain fact. *Id.* (citations omitted).  But if an organization no longer has a person with knowledge on a designated topic, it is not relieved of the duty to prepare a Rule 30(b)(6) designee. *Brican*, 2013 WL 5519969, at *4.

Plaintiffs' Motion for Sanctions references alleged deficiencies in five of the six designees' testimony.  The Court has reviewed all five deposition transcripts (Docs. 178-3–7).  A Rule 30(b)(6) deposition is not intended to be "a memory contest." *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012).  Plaintiff's notice of deposition concerned a broad range of topics, many of which were vague (Doc. 178-1).  Four of Bayfront's

---

[9] Such a motion would likely not have been necessary given Bayfront's representation that additional depositions were offered (Doc. 202-1, ¶ 11; Doc. 202-4).

designees—Katherine Mennel, Chad Binkowski, Drew Sandt, and Lori Bailey—could not answer every question Plaintiff asked them. For example, Ms. Bailey was unprepared to testify regarding what type of performance evaluation and monitoring are done by the quality department. But Ms. Bailey was designated to speak about "Bayfront HMA Medical Center, LLC's Bylaws" (Doc. 178-1). Neither counsel nor Ms. Bailey could have predicted these questions. *See Barn Light Elec. Co. v. Barnlight Originals, Inc.*, No. 8:14-cv-1955-MSS-AEP, 2016 WL 7155850, at *1 (M.D. Fla. Mar. 1, 2016) ("The fact that the designees were unable to answer certain, specific questions does not mean that [Defendants] failed to produce knowledgeable, prepared, and competent corporate designees.") (citations omitted); *see also QBE Ins Corp.*, 277 F.R.D. at 690 ("Absolute perfection is not required of a 30(b)(6) witness."). The Court finds that she was adequately prepared and offered knowledgeable testimony as to her designated topic, as did Ms. Mennel, Mr. Binkowski, and Mr. Sandt[10] for their topics.

A review of Ms. Hodge's testimony, however, reveals that Bayfront did not adequately prepare her to testify as to certain topics (Doc. 178-7). Bayfront designated Ms. Hodge to testify as to nine of the twenty-seven topics, including Bayfront's legal relationship with any other Defendant (Topic No. 2). As Plaintiffs acknowledge in their Motion, Ms. Hodge did not even know the identify of the other Defendants. Bayfront concedes that there were deficiencies in Ms. Hodge's testimony, but points out that it offered to correct these deficiencies by procuring another witness.

---

[10] While Mr. Sandt could not necessarily answer questions regarding his topic for 2016, such a hurdle is understandable given turnover in the industry, the passage of time, and the sale of the hospital. Indeed, as set forth above, Bayfront had to subpoena Mr. Sandt to testify on this topic.

Sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to ensure the integrity of the discovery process. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (citation omitted).  Plaintiffs ask that the Court enter default judgment against Bayfront on Plaintiffs' vicarious liability claims and claim under section 766.110, Florida Statutes.  "[T]he decision to enter a default judgment[ ] ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir.1986); *see also Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536, 1542 (11th Cir.1993).  "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea*, 987 F.2d at 1542.  Moreover, default judgment is an appropriate sanction only "when less drastic sanctions would not ensure compliance with the court's orders." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006) (quotations omitted).  In this case, the Court finds the appropriate remedy to be the designation of aa substitute corporate representatives for deposition.  Bayfront offered this relief to Plaintiffs and Plaintiffs failed to take advantage of this offer.  Considering this, the undersigned concludes that an award of sanctions in the form of a default judgment is not appropriate.  *See Gamestop, Inc. v. Loan Ranger Acquisitions, LLC*, No. 8:13-cv-1149-T-36AEP, 2014 WL 126121334, at *2 (M.D. Fla. Oct. 28, 2014) (denying motion for sanctions where defendants "had the opportunity to obtain the requested information without court action, but refused to take advantage of said opportunity.").

Accordingly,

it is hereby **ORDERED**:

(1) Plaintiffs' Motion for Leave to Serve Punitive Damages Financial Worth Discovery (Doc. 172) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

(2) Plaintiffs' Second Motion for Sanctions Against Defendant, Bayfront HMA Medical Center, LLC d/b/a Bayfront Medical Center (Doc. 178) is **DENIED**.

**ORDERED** in Tampa, Florida, December 5, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE